IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CESAR I. ALVAREZ-BARRERA | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-18 |
| WARDEN, FCI BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Cesar I. Alvarez-Barrera, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends that the Bureau of Prisons failed to credit him with Earned Time Credit under the First Step Act of 2018.

The petition was referred to a magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Respondent has moved for summary judgment, asserting that the petition should be dismissed because Petitioner did not exhaust administrative remedies. The deadline for Petitioner to respond to the motion has expired, and the motion for summary judgment is now ripe for review.

Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech. Marine & Offshore v. Int'l Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech.*, 334 F.3d at 427.

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

## Discussion

The district court has authority to grant a writ of habeas corpus if the prisoner is in custody under the authority of the United States or if he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(1),(3). Although the statute does not explicitly require prisoners to exhaust available remedies before bringing a § 2241 petition, the United States Court of Appeals for the Fifth Circuit has consistently held that prisoners must exhaust available remedies before seeking habeas relief under the statute. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). Exceptions to the exhaustion requirement only apply in extraordinary circumstances, such as when the petitioner proves that exhaustion would be futile. *Fuller*, 11 F.3d at 62.

The Federal Bureau of Prisons (BOP) has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff (BP-8). 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit

a written complaint to the warden on a prescribed form (BP-9).  28 C.F.R. § 542.14.  Both the informal resolution and the BP-9 must be filed within twenty calendar days following the incident that is the basis for the complaint.  If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director within twenty days after the warden's response (BP-10).  28 C.F.R. § 542.15.  If still unsatisfied, the prisoner may appeal to the Central Office within thirty days of the Regional Director's decision (BP-11).  *Id*.

A prisoner does not exhaust administrative remedies by simply filing each step without regard for procedural requirements.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

In support of the motion, Respondent submitted the affidavit of Ms. Nancy Bobs, the Executive Assistant at the Federal Correctional Complex in Beaumont.  As part of her job duties, Ms. Bobs is responsible for coordinating the administrative remedy program, and she has access to the inmate records at every step of the administrative remedy program.  Ms. Bobs states that Petitioner has not filed any administrative remedies regarding earned time credit for participation in programs and activities under the First Step Act.

The competent summary judgment evidence reflects that Petitioner did not pursue his claims through the administrative remedy process, and he failed to show that extraordinary circumstances warrant making an exception to the exhaustion requirement in this case.  The Bureau of Prisons should have the opportunity to review Petitioner's claim and determine whether he is entitled to Earned Time Credit before pursuing his claim in federal court.  *See Qattoum v. Gillis*, No. 5:18-CV-

137, 2020 WL 2841784 at *3 (S.D. Miss. June 1, 2020) (holding that the petitioner must exhaust his claim concerning Earned Time Credit with the Bureau of Prisons before filing a federal habeas petition). Therefore, the motion for summary judgment should be granted. *See Davis v. McConnell*, 2021 WL 4467620, at *1-2 (5th Cir. Sept. 29, 2021) (unpublished) (affirming the district court's dismissal of habeas petition for failure to exhaust administrative remedies with respect to an Earned Time Credit claim).

## Recommendation

Respondent's motion for summary judgment should be granted, and this petition for writ of habeas corpus should be dismissed without prejudice.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 26th day of May, 2022.

_____
Zack Hawthorn
United States Magistrate Judge